### In re Joel D. TUONI, Debtor.

### Tammy L. Summiel (Tuoni), Plaintiff,

### v.

### Joel D. Tuoni, Defendant.

**Bankruptcy No. 01–11237.**
**Adversary No. 01–1088.**

United States Bankruptcy Court,
D. Rhode Island.

Feb. 19, 2002.

---

Jeffrey C. Blake, Hope Valley, RI, for Debtor/Defendant.

Timothy A. Williamson, Inman & Tourgee, Coventry, RI, for Plaintiffs.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, Chapter 7 Trustee.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Complaint of Tammy L. Summiel who seeks a determination that a debt owed by her ex-husband, the Debtor, is nondischargeable. Upon consideration of the papers and the evidence, I find and conclude that the $6,000 debt referenced in Paragraph 7 of the Family Court Final Judgment, Debtor's Exhibit 1, is discharged.

### Findings of Fact and Conclusions of Law [1]

(1) Tammy Summiel and Joel Tuoni were married on May 24, 1997;

(2) The parties were together less than a year, with Tammy filing for divorce on April 7, 1998.

(3) No children were born of this marriage.

(4) On May 10, 2000, a final judgement of divorce entered by agreement of the parties in the Family Court provided that

---

1. See Fed. R. Bankr.P. 7052 and 9014.

the Plaintiff would maintain all of her right title and interest in the real estate which stood solely in her name before the marriage. Debtor's Exhibit 1, ¶ 2.

(5) Both parties waived alimony. Debtor's Exhibit 1, ¶ 11.

(6) Pursuant to Paragraph 7 of the Final Judgment, Summiel is "responsible for the credit cards in her name. However, the Defendant [Tuoni] will be responsible for the sum of $6,000, and he will pay to the plaintiff [Summiel] the sum of $100.00 per month until paid in full." Debtor's Exhibit 1, ¶ 7.

(7) At the time of the divorce, Summiel's annual income was $48,000 and Tuoni earned between $35,000–$40,000 per year.

(8) Tuoni filed a Chapter 7 bankruptcy petition on March 30, 2001, and on July 2, 2001, Summiel filed a complaint to determine the dischargeability of the debt owed to her under Paragraph 7 of the final judgment of divorce. 11 U.S.C. §§ 523(a)(5) & (15).

(9) The best we can discern from the evidence is that the parties' current financial circumstances are as follows: Summiel is remarried, and together with her husband has combined annual income of approximately $83,000, with monthly expenses of $3,600 ($43,200 per year). To care for her new baby she works just part-time, and says that the family uses *all* of its earnings to live on. Mrs. Summiel and her family occupy the house she owned prior to her marriage to Tuoni. Tuoni works 30–40 hours per week, and earns approximately $24,000 per year. He has monthly expenses of $1,250, not much disposable income, and no significant assets. By any standard, Mrs. Summiel enjoys a considerably higher standard of living than the Debtor.

(10) The parties argue over what the $6,000 was used for, but agree that it was on account of prior credit card debt and was not intended to be for future liabilities of Mrs. Summiel. Summiel contends that the $6,000 was to reimburse her for cash advances against her credit cards to pay the mortgage [2] and other household expenses. Tuoni contends it was one-half of the wedding and honeymoon expenses which they charged on credit cards. Either way, I find that it is a debt to a former spouse resulting from a divorce proceeding.

■ (11) According to the factors discussed by Judge Haines in *Dressler v. Dressler* (*In re Dressler*), 194 B.R. 290, 297–98 (Bankr.D.R.I.1996), in determining whether the obligation is dischargeable under 11 U.S.C. § 523(a)(5), it is clear that the disputed $6,000 is not in the nature of support. The marriage lasted less than one year, and the parties had no children. The Plaintiff earned more than the Debtor at the time of the divorce and she was the sole owner of the only significant asset—the house, which she retained fully after the divorce.

■ (12) Regarding 11 U.S.C. § 523(a)(15), the evidence is that the Debtor is not able to pay this debt or any part of it at this time, and it is not likely that he will be able to do so in the foreseeable future. The harm caused to Mrs. Summiel with the debt discharged is minimal compared to the hardship to the Debtor if he were required to pay the $6,000.

(13) Based on all of the evidence, and using the standards in *Dressler*, 194 B.R. at 304–06, and *Adler v. Adler* (*In re Adler*), 243 B.R. 596, 599–602 (Bankr. D.R.I.2000), I find that the Debtor does

---

**2.** The result here is quite palatable if part of the disputed debt was used to increase the equity in property owned solely by Mrs. Summiel.

not have the ability to pay $6,000 to the Plaintiff, on any terms. Tuoni is a salaried employee working 30–40 hours per week from 2:30 a.m. to 9:30 a.m., with no showing that things are likely to improve significantly. I find that he is not playing possum just until this litigation is over. The record clearly establishes that Mrs. Summiel's financial condition is far more comfortable than that of the Debtor, and that his situation is not likely to change.

■ (14) Summiel has the burden of proof on all issues under Section 523(a)(5) and (a)(15), and must prove her case by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Dressler*, 194 B.R. at 296, 301–04. She has not met her burden under either section.

For the foregoing reasons, the Plaintiff's Complaint to enforce the debt owed by her former husband is DENIED, and the obligation in question is determined to be discharged.